IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| WATERWAY GAS & WASH COMPANY,<br><br>*Plaintiff,*<br>v.<br><br>TIDAL WAVE MANAGEMENT LLC<br>d/b/a TIDAL WAVE AUTO SPA,<br><br>*Defendant.* | Case No: _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW, Plaintiff Waterway Gas & Wash Company ("Plaintiff" or "Waterway") and for its complaint against Defendant Tidal Wave Management LLC d/b/a Tidal Wave Auto Spa ("Defendant" or "Tidal Wave"), states as follows:

## THE PARTIES

1. Plaintiff Waterway is a Missouri corporation, having its principal place of business at 727 Goddard Avenue, Chesterfield, Missouri, 63005.

2. Upon information and belief, Defendant Tidal Wave Management LLC, is a Georgia limited liability company, having its principal office and place of business at 115 East Main St, Thomaston, GA, 30286. Tidal Wave is in the business of, inter alia, providing automobile cleaning, including packaged memberships for automobile cleaning, from its facilities across the country, including nine locations in and around the Kansas City metropolitan area. Defendant sells, offers for sale and advertises its automobile cleaning services in this District using the infringing marks.

3. Upon information and belief, Tidal Wave Systems Co. is a direct or indirect parent, subsidiary, or affiliate of Defendant.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court for the causes of action of federal trademark infringement and unfair competition under the trademark laws of the United States, namely, the Trademark Act of July 5, 1946, commonly referred to as the Lanham Act, 15 U.S.C. § 1051, et seq., as amended by the Trademark Counterfeiting Act of July 5, 1984, Public Law 98-473, is pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Jurisdiction of this Court for the related claims of state trademark infringement, common law unfair competition, and state law trademark dilution under the statutory and common law of the State of Missouri is based upon 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because it is doing business in this Judicial District, and/or has committed the acts set forth in this Complaint in this Judicial District or State. In addition, the claims set forth in this Complaint arise in this Judicial District.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

7. Prior to the acts of Defendant alleged herein, Waterway adopted, used, and has used the CLEAN CAR CLUB Marks (as defined below and used herein), in connection with high quality automobile cleaning and car wash services and related services, including packaged memberships for such services ("Plaintiff's Services" or "Waterway's Services"), sold in interstate and intrastate commerce.

8. The CLEAN CAR CLUB® mark was first used in interstate commerce at least as early as 1974. The CLEAN CAR CLUB® mark has been continuously used by Plaintiff and/or its predecessors-in-interest since the date of first use in interstate commerce and in the State of Missouri.

9. Plaintiff first began providing and offering services under the CLEAN CAR CLUB® mark in the St, Louis, Missouri area in 1974. Plaintiff has since added a number of

facilities such that it operates twenty-nine (29) car wash facilities in metropolitan markets across Ohio, Illinois, Missouri, Kansas, and Colorado and has, accordingly, expanded its use of the CLEAN CAR CLUB® mark by offering Plaintiff's Services under the CLEAN CAR CLUB® mark at each of its facilities.

10. Prior to the acts of Defendant complained of herein, Waterway obtained federal trademark registrations for the CLEAN CAR CLUB® service mark.

11. Waterway is the owner of incontestable U.S. Trademark Registration No. 1,780,584 ("the '584 Registration") for the standard character mark CLEAN CAR CLUB for use in connection with International Class 37 services, namely "automobile washing and cleaning services." A true and correct copy of the duly and lawfully issued '584 Registration is attached hereto as Exhibit 1.

12. Waterway is also the owner of incontestable U.S. Trademark Registration No. 4,562,588 ("the '588 Registration") for the design mark WATERWAY CLEAN CAR CLUB & Design ("CLEAN CAR CLUB Logo") for use in connection with International Class 37 services, namely "automobile service station, cleaning and car wash services." A true and correct copy of the duly and lawfully issued '588 Registration is attached hereto as Exhibit 2, and reproduced below:



13. Since long prior to the acts of Defendant complained of herein, Plaintiff has expended large sums of money to advertise and promote Plaintiff's Services under or in connection with the CLEAN CAR CLUB® mark and the CLEAN CAR CLUB Logo to the trade and public, and Plaintiff continues to engage in such advertising and promotion throughout the United States.

14. In addition, Waterway owns certain common law rights in the CLEAN CAR CLUB® mark and other "Clean Car Club-" formative marks.

15. As a result of its incontestable trademark registrations, the long-term use and promotion of the CLEAN CAR CLUB mark and CLEAN CAR CLUB Logo in connection with Plaintiff's Services, and the accompanying goodwill that is owned and enjoyed in its entirety by Waterway, Waterway has the exclusive right to use the aforenoted registered and common law rights and trademarks (collectively, the "CLEAN CAR CLUB Marks") throughout the United States.

16. Waterway has successfully enforced its trademark rights against third-party uses of the "CLEAN CAR CLUB Marks and confusingly similar variations thereof in the automobile washing and cleaning services industry.

17. As a result of the foregoing, the CLEAN CAR CLUB Marks have become and now are closely and universally associated with Waterway, through which Waterway and Waterway's Services are known to the public and the trade and by which their source and origin are identified. Further, Plaintiff derives a substantial part of its operating revenue from Plaintiff's Services offered under the CLEAN CAR CLUB Marks.

**Defendant's Infringing Acts**

18. Upon information and belief, Defendant provides automobile cleaning services through its nine facilities located in the metropolitan Kansas City and surrounding areas:



*See* Exhibit 3 (https://www.tidalwaveautospa.com/locations/). Four locations are within this district at the following addresses:

        (a.)       727 US-40, Blue Springs, MO

        (b.)       17620 E. 39th Street S., Independence, MO

        (c.)       5035 NE Antioch Road, Kansas City, MO

        (d.)       10001 E. State Route 350, Raytown, MO

19.       Upon information and belief, Defendant currently operates 272 car wash locations across twenty-seven states in the U.S. as described in a press release dated July 11, 2024. *See* Exhibit 4 (https://www.tidalwaveautospa.com/tidal-wave-auto-spa-expands-in-illinois-and-texas-celebrates-with-free-car-washes/).

20.       Upon information and belief, Defendant advertises and refers to its membership program as the "Unlimited Clean Club" or "Tidal Wave Clean Club." Defendant's website provides details regarding the membership program, and examples of uses of the phrase "Clean Club" are shown below:

At Tidal Wave Auto Spa, we're committed to providing you with the best car wash service around! That's why we created our Unlimited Clean Club. Wash your car once a day, every day for a low fixed monthly fee.



*See* Exhibit 5 (https://www.tidalwaveautospa.com/unlimited-clean-club/).

21. Additionally, the statement: "Tidal Wave Auto Spa, **Clean Club**, Catch the Happy Wave, the Tidal Wave Auto Spa logo, the **Clean Club logo** and the Catch the Happy Wave logo are registered trademarks of Tidal Wave Auto Spa" appears on the bottom of each page of Defendant's website. *See, e.g.*, Exhibit 3, https://www.tidalwaveautospa.com/ (emphasis added).

22. Defendant's use of "Clean Club" is particularly likely to cause confusion with Waterway's CLEAN CAR CLUB Marks because Defendant uses a logo (referenced above) that is similar to Waterway's CLEAN CAR CLUB logo:



23. Notwithstanding Waterway's prior rights in the CLEAN CAR CLUB Marks, on February 6, 2023, Tidal Wave Systems Co. filed U.S. Application Serial Nos. 97782681 and 97782670 in the United States Patent and Trademark Office (collectively, "CLEAN CLUB Applications") for registration of the marks CLEAN CLUB and TIDAL WAVE CLEAN CLUB (collectively "the Infringing CLEAN CLUB Mark), respectively, for "Car washing" in International Class 37.

24. On April 5, 2023, Waterway sent a cease-and-desist letter to the applicant Tidal Wave Systems Co., requesting that it immediately expressly abandon the CLEAN CLUB Applications and permanently cease any and all future use of the Infringing CLEAN CLUB Mark, and any other marks confusingly similar to Waterway's CLEAN CAR CLUB Marks.

25. Counsel for applicant Tidal Wave Systems Co. acknowledged receipt of the April 5 letter and stated he would discuss it with his client. Despite several follow up emails and a letter, Waterway did not receive any substantive response to its demands.

26. Both CLEAN CLUB Applications were abandoned for failure to respond to an Office Action, but U.S. Application Serial No. 97782670 was recently revived on May 13, 2024.

27. On May 24, 2024, Waterway sent another cease-and-desist letter to counsel for Tidal Wave Systems Co., to which no response was received.

28. Without permission or consent from Waterway, Defendant has infringed Waterway's CLEAN CAR CLUB Marks by using, promoting, advertising, selling, and/or offering to sell identical and related services under the Infringing CLEAN CLUB Mark.

29. Defendant's actions have caused actual confusion among car wash services consumers, including a customer that attempted to present a membership card for Defendant's CLEAN CLUB branded membership program for use to receive car washing services at a

Waterway location in this District and customers attempting to use Defendants' coupons at Waterway's location at 8507 State Line Rd, Kansas City, MO 64114. See Exhibit 6 for a sample of Defendant's promotional material containing coupons and the Infringing CLEAN CLUB Mark:



30. Because consumers are likely to—and in fact have—associated or confused Defendant's car wash services with Waterway's Services, Defendant has infringed and continues to infringe Waterway's CLEAN CAR CLUB Marks and has engaged and continue to engage in unfair competition in the United States, including by directing those infringing activities from this District.

31. As set forth above, Defendant has been placed on notice by Waterway that its activities are in violation of Waterway's rights. Defendant has refused to terminate its infringing acts, making its infringement deliberate and willful.

32. Upon information and belief, Defendant is expanding its operations and is planning to open additional automobile washing facilities in Plaintiff's existing and future markets.

33. Upon information and belief, Defendant's continued acts, despite such notice, are deliberate, willful, and malicious and have been and are being committed with the purpose and intent to cause injury to Waterway and the CLEAN CAR CLUB Marks, to cause confusion, to cause mistake, to deceive, to appropriate and trade upon Waterway's goodwill and reputation which are symbolized by the CLEAN CAR CLUB Marks.

## COUNT I
### (Service Mark Infringement 15 U.S.C. §1114(l))

34. Plaintiff repeats and incorporates herein by reference each and every one of the preceding paragraphs as if fully set forth herein.

35. Plaintiff's CLEAN CAR CLUB Marks are in full force and effect and have been continuously and widely used throughout the United States. Plaintiff intends to reserve and maintain its rights with respect to its CLEAN CAR CLUB Marks and the corresponding registrations, and to continue to use the CLEAN CAR CLUB Marks in connection with Plaintiff's Services.

36. Plaintiff's CLEAN CAR CLUB Marks are inherently distinctive and well known to the trade and members of the purchasing public. The public associates and identifies Plaintiff's CLEAN CAR CLUB Marks with Plaintiff.

37. By virtue of the goodwill and reputation for quality associated with Plaintiff's Services offered under the CLEAN CAR CLUB Marks, Plaintiff's CLEAN CAR CLUB Marks have developed a secondary meaning and significance in the minds of the purchasing public. Plaintiff's Services offered under Plaintiff's CLEAN CAR CLUB Marks are immediately identified by the purchasing public with Plaintiff.

38. Defendant's use and intended use of the Infringing CLEAN CLUB Mark colorably imitates, and appropriates Plaintiff's CLEAN CAR CLUB Marks, especially in light of Defendant's expansion of use into Plaintiff's trading area, and such use is likely to cause confusion and mistake in the minds of the purchasing public as to the source of Defendant's services in violation of 15 U.S.C. §1114(l).

39. The activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's CLEAN CAR CLUB Marks, in total disregard of Plaintiff's proprietary rights, and were commenced and have continued in spite of Defendant's knowledge that the use of the Infringing CLEAN CLUB Mark, or any copy or colorable imitation of Plaintiff's CLEAN CAR CLUB Marks, was and is in direct contravention of Plaintiff's rights.

40. Defendant's unauthorized use of the Infringing CLEAN CLUB Mark is greatly and irreparably damaging to Plaintiff in the form of: (a) loss in income; (b) lessening and dilution of Plaintiff's CLEAN CAR CLUB Marks; (c) interference with Plaintiff's ability to exploit its own licensing rights; (d) confusion in the marketplace as to the duly authorized source of the services sold and offered for sale under the CLEAN CAR CLUB Marks; and (e) impairment of the goodwill

Plaintiff has in its CLEAN CAR CLUB Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in and to its CLEAN CAR CLUB Marks and to the respective business, reputation, and goodwill of Plaintiff.

41. Plaintiff has no adequate remedy at law. Plaintiff's damages are not yet fully determined.

## COUNT II
### (Federal Unfair Competition 15 U.S.C. § 1125(a))

42. Plaintiff repeats and incorporates herein by reference each and every one of the preceding paragraphs as if fully set forth herein.

43. Defendant's unauthorized use of the Infringing CLEAN CLUB Mark constitutes unfair competition because it falsely represents to the public that the services which Defendant offers under the Infringing CLEAN CLUB Mark emanate from the same source or origin as Plaintiff's Services or are authorized, endorsed, and/or sponsored by Plaintiff or are connected in some way with Plaintiff, and Defendant, with knowledge of such falsity, has caused its services to enter into commerce.

44. Plaintiff is, and will be, damaged by said unfair competition in that the public is likely to be induced into dealing with Defendant in the mistaken belief that Defendant's services offered under the Infringing CLEAN CLUB Mark are authorized by Plaintiff, or endorsed by Plaintiff, or sponsored by Plaintiff or are connected in some way with Plaintiff.

45. Defendant's acts constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. As a result of Defendant's unfair competition, Plaintiff has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law.

## COUNT III
### (State Law Trademark Infringement Mo. *Rev. Stat*. § 417.056)

47. Plaintiff repeats and incorporates herein by reference each and every one of the preceding paragraphs as if fully set forth herein.

48. Defendant's adoption and use and offering and sale of services under the Infringing CLEAN CLUB Mark constitute acts of trademark infringement in violation of Mo. *Rev. Stat*. § 417.056.

49. Defendant's unauthorized use of the Infringing CLEAN CLUB Mark to advertise and offer automobile washing services is likely to cause confusion as to the source or sponsorship of Defendant's services. Defendant's conduct creates a likelihood of confusion by creating a false impression that Plaintiff is the source of or somehow sponsors Defendant's services.

50. The acts and conduct of Defendant complained of herein have damaged Waterway and will, unless restrained, further impair, if not destroy, the value of the CLEAN CAR CLUB Marks and the goodwill associated therewith.

51. Defendant's acts of service mark infringement in violation of Missouri statutory law have caused Waterway to sustain monetary damages, loss and injury, and have unjustly enriched defendant in an amount to be determined at the time of trial.

52. Defendant has engaged and continues to engage in this activity knowingly and willfully.

53. Defendant's acts of state law trademark infringement, unless enjoined by this Court, will continue to cause Waterway to sustain irreparable damage, loss and injury, for which Waterway has no adequate remedy at law.

## COUNT IV
### (Common Law Unfair Competition)

54. Plaintiff repeats and incorporates herein by reference each and every one of the preceding paragraphs as if fully set forth herein.

55. The CLEAN CAR CLUB Marks have acquired secondary meaning in the minds of the trade and the consuming public has come to be associated exclusively with Waterway.

56. Defendant's adoption and use and offering and sale of services under the Infringing CLEAN CLUB Mark are likely to cause confusion, to cause mistake, to deceive, to appropriate and trade upon Waterway's goodwill and reputation which are symbolized by the CLEAN CAR CLUB Marks, and, thus, constitute acts of unfair competition in violation of the common law of the State of Missouri.

57. The acts and conduct of Defendant complained of herein have damaged Waterway and will, unless restrained, further impair, if not destroy, the value of the CLEAN CAR CLUB Marks and the goodwill associated therewith.

58. Defendant's acts of common law unfair competition have caused Waterway to sustain monetary damages, loss and injury, and have unjustly enriched defendant in an amount to be determined at the time of trial.

59. Defendant has engaged and continues to engage in this activity knowingly and willfully.

60. Defendant's acts of common law unfair competition, unless enjoined by this Court, will continue to cause Waterway to sustain irreparable damage, loss and injury, for which Waterway has no adequate remedy at law.

## COUNT V
### (Missouri Statutory Claims for Trademark Dilution Mo. *Rev. Stat*. § 417.061)

61. Plaintiff repeats and incorporates herein by reference each and every one of the preceding paragraphs as if fully set forth herein.

62. Defendant's actions threaten to cause likelihood of injury to Plaintiff's business reputation, dilution of the distinctive quality of the CLEAN CAR CLUB Marks or weakening of the CLEAN CAR CLUB Marks' value as a unique identifier of Plaintiff's Services in violation of Mo. *Rev. Stat*. § 417.061.

63. The CLEAN CAR CLUB Marks are valid and distinctive in the State of Missouri.

64. Defendant's advertising, offering for sale, and sale of services under the CLEAN CLUB Mark creates a likelihood of dilution of the distinctive qualities of Plaintiff's CLEAN CAR CLUB Marks.

65. Defendant's actions have been undertaken willfully.

66. As a result of Defendant's violation of Mo. *Rev. Stat.* § 417.061, Plaintiff has suffered and continues to suffer serious and substantial injury for which it has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. Defendant, its officers, agents, servants, employees and attorneys, and those in active concert or participation with it or any of them, be preliminarily and permanently enjoined and restrained:

> (a.) from using in any manner, the CLEAN CAR CLUB Marks, the Infringing CLEAN CAR Mark, or any confusingly similar variations thereof, alone or in combination with any other word(s) or design(s), in connection with the sale of automobile and car wash services, convenience store services, gasoline station services or related goods and services;

(b.) from directly or indirectly engaging in any conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers and/or members of the public to believe, that Defendant's services originate from Plaintiff or that Defendant's services or Defendant are sponsored by, licensed by, or in any way affiliated or connected with Plaintiff;

(c.) from passing off, inducing, or enabling others to sell or pass off any services under the Infringing CLEAN CLUB Mark, or any other mark confusingly similar thereto, as originating with Plaintiff which are in fact not Plaintiff's, or not provided under the control and supervision of Plaintiff or otherwise approved by Plaintiff;

(d.) from diluting the CLEAN CAR CLUB Marks and damaging Waterway's goodwill, reputation and business;

(e.) from otherwise competing unfairly with Plaintiff in any manner; and

(f.) that Defendant be required to deliver up to Plaintiff for destruction, any and all circulars, price lists, signs, prints, print advertisements, and electronic media advertising (including, but not limited to social media, television, radio and internet media) and promotional materials in the possession of Defendant or under its control which display or promote the services which Defendant advertised, promoted, offered for sale or sold in connection with the Infringing CLEAN CLUB Mark, whether alone or in combination with any word or words or design or designs.

2. Defendant be ordered, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon plaintiff, within thirty (30) days of the entry of the injunction prayed for herein, a written report under oath setting forth in detail the form and manner in which it has complied with the permanent injunction.

3. Defendant be required to account for and pay to Plaintiff all damages arising from Defendant's infringing and unfair activities that form the basis of this Complaint.

4. Defendant be required to account for and disgorge to Plaintiff all of the profits realized by Defendant or others in active concert or participation with Defendant, relating to the use of the Infringing CLEAN CLUB mark.

5. Defendant be required to pay additional damages pursuant to 15 U.S.C. § 1117 based on Defendant's deliberate, willful acts in conscious disregard of Plaintiff's rights.

6. Plaintiff be awarded its costs of this action and reasonable attorneys' fees from Defendant pursuant to 15 U.S.C. § 1117.

7. Plaintiff be awarded both pre-judgment and post-judgment interest on each and every damage award.

8. Such other and further relief as the Court may deem just and proper.

Dated: July 18, 2024

/s/ Michael R. Annis
Michael R. Annis, MO #47374
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
Tel: 314.480.1500
Fax: 314.480.1505
mike.annis@huschblackwell.com

Sierra J. Faler, MO #70050
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Tel: 816.983.8000
Fax: 816.983.8080
sierra.faler@huschblackwell.com

*Attorneys for Plaintiff Waterway Gas & Wash Company*